*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MARCUS RONNELL CROFF,

Defendant-Appellant.

UNPUBLISHED
January 30, 2020

No. 344197
Wayne Circuit Court
LC No. 17-009474-01-FC

Before: METER, P.J., and FORT HOOD and REDFORD, JJ.

METER, P.J. (*concurring*).

I concur with the majority's well-reasoned resolution of this case. I write separately only to point out that our Supreme Court's seminal decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), although making significant *legal* changes, has had little *practical* effect on the restraints placed on a trial judge's sentencing discretion by the guidelines and to urge our Supreme Court to reconsider whether MCL 769.34(10) remains viable post-*Lockridge*.

In *Alleyne v United States*, 570 US 99, 114-116; 133 S Ct 2151; 186 L Ed 2d 314 (2013), the federal Supreme Court determined that, in mandatory sentencing schemes, a criminal defendant's Sixth Amendment rights are violated when he is sentenced on the basis of facts that are not found by a jury beyond a reasonable doubt. Acknowledging this decision, in *Lockridge*, 498 Mich at 391-392, our Supreme Court severed our sentencing guidelines, MCL 777.1 *et seq.*, to the extent that they were mandatory and "[struck] down the requirement of a substantial and compelling reason to depart from the guidelines range." (Internal quotation marks and citation omitted). Our Supreme Court then necessarily ascribed an advisory role for the guidelines. *Id*. at 392; see also *People v Steanhouse*, 500 Mich 453, 466; 902 NW2d 327 (2017) (reaffirming that *Lockridge* rendered "the guidelines advisory in all applications").

Following *Lockridge*, a trial court may still depart from the guidelines range, even on the basis of judicially found facts, when the trial court determines that doing so is reasonable, *id.* at 391-392, on the basis of "the seriousness of the circumstances surrounding the offense and the offender," *Steanhouse*, 500 Mich at 474, quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). "When a trial court does not depart from the recommended minimum

sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173, 181 (2016); see also MCL 769.34(10).

This latter rule blunts the advancements made by *Lockridge*, leaving intact, for all practical purposes, the constitutional infirmity that plagued the legislative guidelines in the first instance. Under this rule, an appellant may, in relevant part, invoke our review only when the trial court "departs" from the guidelines range. By granting sentences within the legislative guidelines a preferred status, this Court has practically revived the mandatory system our Supreme Court has already found unconstitutional. In both pre- and post-*Lockridge* systems, the trial court must give additional reasons to justify its deviation from the legislative guidelines and deviations—or departures as they are often still erroneously described—will be closely scrutinized by this Court.

*Lockridge* "rendered the sentencing guidelines advisory in *all* cases." *Steanhouse*, 500 Mich at 470 (emphasis added), resurrecting the principle of proportionality that existed before the adoption of the mandatory guidelines. Our Supreme Court has reiterated that this principle does not measure "proportionality by reference to deviations from the guidelines." *Id*. at 474. Yet, under this Court's precedent, to invoke proportionality review, the defendant must make a threshold showing of a deviation. See *Schrauben*, 314 Mich App at 196 n 1. In my opinion, the two rules cannot be reconciled. By requiring a criminal defendant to make a threshold showing of a deviation from the guidelines, we have inherently measured the proportionality of his or her sentence by reference to the deviation.

Our principle of proportionality requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the individual offense and the individual offender in each and every case. *Each* sentence must be justified; not just sentences outside of the guidelines range. Foreclosing criminal defendants from reasonableness review just because their sentence was within the *purely advisory* sentencing guidelines only reaffirms the preeminence of the sentencing guidelines, rendering *Lockridge* a mere paper construct. It goes without saying that paper artifices are not sufficient to protect the important constitutional rights implicated by *Lockridge*.

Since *Lockridge*, this Court and trial courts have been inundated with challenges to the scoring of the sentencing guidelines, creating a veritable cottage industry. I posit that this inundation is further evidence that the sentencing guidelines retain improper preeminence post-*Lockridge*. If the sentencing guidelines are truly advisory in all respects, the ultimate question for our review should be whether the sentence handed down by the trial judge is "proportionate to the seriousness of the circumstances surrounding the offense and the offender." Practically, however, our review often focuses on whether a trial court's score for a particular variable fits within the narrow parameters set by our legislature as further distilled by caselaw. Setting aside the fact that the statutes setting forth these parameters are often overlapping and inarticulate, if the guidelines are purely advisory, it should not matter whether the trial judge scored ten points for a variable concerning which the legislature would have only assigned five points. If the trial judge's justification for the sentence is sufficient for this Court to conclude that the sentence was proportionate to the offender's criminality and circumstances, then it should be affirmed on appeal; if the justification is insufficient for us to make that conclusion, the case should be

remanded. Indeed, this was the practice for many years before the adoption of either the judicial or legislative guidelines. It should matter not whether the legislature would have sentenced the defendant differently; in an indeterminate-sentencing regime, discretion is posited in the trial judge who hears the case to determine the appropriate sentence.

Our Supreme Court recently declined an application for leave to appeal in *People v Ames*, unpublished opinion of the Court of Appeals issued August 10, 2017 (Docket No. 333239), which would have addressed whether MCL 769.34(10) remains viable post-*Lockridge*. See *People v Ames*, 504 Mich 899; 929 NW2d 283 (2019). For the reasons stated above, I would urge our Supreme Court to revisit this decision, grant leave on *Ames* or a similar case, and put the final nail in the coffin of the sentencing guidelines.

/s/ Patrick M. Meter